UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ROBERT CARL GORSKI,

        Plaintiff,

vs.

DEPT. OF JUSTICE,

        Defendant.

Case No. 1:13 cv 00489 GSA PC

ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

**I.**    **Screening Requirement**

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)[1].

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed his consent to proceed before a magistrate judge on April 15, 2013. (ECF No. 5.)

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Avenal State Prison, brings this action against the California Department of Justice, Bureau of Criminal Information Analysis.  Plaintiff's sole claim in this action is a request for the Court to order the Department of Justice to "grant me my paperwork from Department of Justice of 2005 for my expungement of my charge that was taken off from the County of Marin County."  (Compl. ¶ III.)

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

In order to state a claim for relief, Plaintiff must allege facts indicating that an individual defendant deprived Plaintiff of a right protected by federal law or the U.S. Constitution.  The

only named defendant in this action is an agency of the State of California.  The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  See Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989).   Plaintiff has not identified any individuals nor identified any individual conduct that deprived Plaintiff of a protected interest.

Further, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991).   Plaintiff refers to a conviction that was expunged.  Should Plaintiff's requested relief in any way affect the length of his sentence or the legality of his confinement, such a claim should be brought as an application for writ of habeas corpus.

Accordingly, on September 16, 2013, an order was entered, dismissing Plaintiff's complaint and granting Plaintiff leave to file an amended complaint.  On September 30, 2013, Plaintiff filed a first amended complaint.  In the first amended complaint, Plaintiff re-states the allegations of the original complaint.  Plaintiff names as defendants "to be named DOJ police officers."  Plaintiff's statement of claim, in its entirety, is that "I had false charges filed on me in 2005 these charges were expunged.  I'm asking DOJ to send me the paper work of the name of the officers, and the county."

///

### III.     Conclusion and Order

The Court screened Plaintiff's original complaint and found that it did not state any claims upon which relief could be granted under section 1983.  The Court provided Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in the September 16, 2013, order.  Plaintiff has not cured the identified deficiencies.  Plaintiff fails to identify any state actors that deprived him of a protected interest, and asserts a claim that, if proven, would invalidate his conviction.  This action should therefore be dismissed.

Accordingly, it is HEREBY ORDERED that this action is dismissed for failure to state a claim upon which relief may be granted.  The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **October 3, 2013**                /s/ **Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE