UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARL GORSKI,<br><br>          Plaintiff,<br><br>     vs.<br><br>DEPT. OF JUSTICE,<br><br>          Defendant. | 1:13-cv-00489-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 13.) |

**I.      BACKGROUND**

Robert Carl Gorski ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint on April 4, 2013.  (Doc. 1.)

On April 15, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 3.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

The court screened the Complaint under 28 U.S.C. § 1915A and issued an order on September 16, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 9.)  On September 30, 2013, Plaintiff filed the First Amended Complaint.  (Doc. 10.)

1  The court screened the First Amended Complaint, and entered an order on October 3, 2013,
2  dismissing this action for failure to state a claim upon which relief may be granted, and
3  judgment was entered. (Docs. 11, 12.)
4      On November 14, 2013, Plaintiff filed a motion for reconsideration of the order
5  dismissing this case. (Doc. 13.)

## II.   MOTION FOR RECONSIDERATION

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).

### A.   **Plaintiff's Motion**

Plaintiff requests reconsideration of the court's order dismissing this action, arguing that "I sent the three papers back to you regarding my case in the time period of thirty days." (Motion, Doc. 13 at 1.) Plaintiff asks for "some way of fairness, to have a hearing about the misjustice that was done to me." (Id.) Plaintiff also requests court-appointed counsel and inquires whether he can "go to U.S. circuit nine." (Id. at 2.)

### *Discussion*

Plaintiff does not explain which "three papers" he returned to the court or why this information pertains to his motion for reconsideration. Plaintiff's case was dismissed because the court determined that the First Amended Complaint, filed by Plaintiff on September 30, 2013, fails to state a claim upon which relief may be granted under § 1983. Under § 1915A,

the court is required to dismiss complaints such as Plaintiff's if they are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied. In light of this ruling, Plaintiff's requests for a hearing and court-appointed counsel are moot.

With respect to Plaintiff's query about "go[ing] to the U.S. circuit nine," Plaintiff is advised that under 28 U.S.C. § 636(c), judgment in this case is subject to direct appellate review by the Ninth Circuit Court of Appeals, and Plaintiff may refer to the Federal Rules of Appellate Procedure for guidance in filing an appeal, if he so wishes.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on November 14, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **November 19, 2013**              **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE